## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NATIONAL CONTINENTAL INSURANCE     :
COMPANY, and AXIS SURPLUS INSURANCE  :
COMPANY,                                    :
          Plaintiffs,                     :      Civil Action No.:
        v.                               :
                                         :
ARILYN ABDYMADIYEVA, SARA AGUILAR,  :
GOK AHMET, SORINA ALBU, EDDIE BAMZE,  :
ESTATE OF IDIL BASHI, REYHAM ERTEM as  :
Mother of Decedent IDIL BASHI, ESIN BOZDAG,  :
KRISTINA BRANDISAUSKAITE, MARIA CALIN,  :
ESTATE OF HUA YU CHEN, KARIM FELLAH,  :
ARUN GAJAWADAALLAN GE,                :
MEHMET GURBUZ, HUAN-JUAN GUO,     :
HUAN-ZI GUO, AGNE GURKSNYTE,       :
IHSSENE KERCHOUCH, KRISHNAIAH LAGISETTY:
SHILPA LAGISETTY, JANE MACIAS,        :
SERGIO MACIAS, ELVIA ORDONEZ MANTILLA,  :
GLADYS ORDONEZ MANTILLA, AMIR PATEL,  :
NISAR Y. PATEL, SHAMIN PATEL,        :
ESTATE OF JYOTSNA POOJARI,           :
ANDREEA POPESCU, AITHA PRABHAKAR,   :
MELIS SEKER, SAMIR SHAIKH, Individually and as :
Parent and Guardian of S.S, a minor, and M.S.S a minor,:
SHAGUFTA SHAIKH, MARJIS SIMONOSKA,   :
CECILIA SOLORZANO, DORISIBETH SOLORZANO:
AITHA SRIDEVI, BHARATI THAKKAR,     :
ALAN T. TIET, ARIEL P. TIET, CONNIE P. TIET,  :
JANICE P. TIET, ANA TOPUZOVA,       :
PADMA VADDEY, VENKATA VADDEY,    :
ANNE WARREN, KERRY WHITAKER,     :
ALLSTATE INSURANCE COMPANY, and    :
STANDARD SECURITY LIFE INSURANCE CO.  :
          Defendants.            :

## COMPLAINT FOR INTERPLEADER

Plaintiffs National Continental Insurance Company (hereinafter "NCIC") and AXIS Surplus

Insurance Company (hereinafter "AXIS"), on behalf of their insureds AM USA Express, Inc., and Jinli

Zhao, allege as follows in support of their claim for statutory interpleader pursuant to 28 U.S.C. § 1335:

## PARTIES

1.      Plaintiff National Continental Insurance Company  is a corporation formed and existing under the laws of the State of New York.  Plaintiff's primary business is providing insurance coverage.

2.      Plaintiff AXIS Surplus Insurance Company is an insurance company organized under the laws of the State of Illinois.  AXIS' primary business is providing insurance coverage.

3.      Upon information and belief, AM USA Express, Inc. (hereinafter "AM USA") is the operator of a tour bus company incorporated under the laws of New York.

4.      Upon information and belief, Jinli Zhao was employed by AM USA as a  bus driver during all relevant times herein.

5.      Defendant Arilyn Abdymadiyeva, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Richard M. Bongiorno, Esquire of Bongiorno Law Firm, located at 250 Mineola Boulevard, Mineola, New York, 11501.

6.      Defendant Sara Aguilar, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Richard M. Bongiorno, Esquire of Bongiorno Law Firm, located at 250 Mineola Boulevard, Mineola, New York, 11501.

7.      Defendant Gok Ahmet, upon information and belief, is a citizen of a  foreign country.  Defendant is represented by Neil L. Weinstein, Esquire of the Law Office of Neil L. Weinstein, located at 32 Saco Avenue, P.O. Box 660, Old Orchard Beach, Maine 04064.

2

8.      Defendant Sorina Albu, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Jenna N. Fredrick, Esquire, of the Law Offices of Gregory R. Wright, located at 50 West Montello Street, P.O. Box 280, Montello, Wisconsin 53949.

9.      Defendant Eddie Bamze, upon information and belief, is a citizen of a foreign country.  Defendant currently resides at 87-40 165th Street, Jamaica, New York, 11432.

10.      Defendant Estate of Idil Bashi is represented by Laura Reynolds, Esquire of Rosenberg & Gluck, located at 1176 Portion road, Holtsville, New York, 11742.  Reyham Ertem, as the mother of the Decedent, has also suggested she has a claim. Ms. Ertem is represented by Yalcin Karadag, Esquire, of The Karadag Law Firm, P.L.L.C., located at 7706 Richmond Avenue, Houston, Texas 77063.

11.      Defendant Esin Bozdag, upon information and belief, is a citizen of Turkey.  Defendant is currently residing at Balkiraz Mah. Alkış Sok. Huzur Apt.29/7 Mamak / Ankara / Turkey.

12.      Defendant Kristina Brandisauskaite, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Neilli Mullen Walsh, Esquire of Young Conaway Stargatt & Taylor, LLP, located at Rodney Square, 1000 North King Street, Wilmington, Delaware 19801.

13.      Defendant Maria Calin, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Jenna N. Fredrick, Esquire, of the Law Offices of Gregory R. Wright, located at 50 West Montello Street, P.O. Box 280, Montello, Wisconsin 53949.

14.      Defendant Estate of Hua Yu Chen, is represented by Allay Y. Tai, Esquire of Morelli, Alters & Ratner, located at 777 Third Avenue, 31st Floor, New York, New York 10017.

3

15.     Defendant Karim Fellahi, upon information and belief, is a citizen of a foreign country. Defendant is represented by Benjamin C. Wetzel, Esquire of Wetzel & Associates, P.A., located at 2201 West 11th Street, Wilmington, Delaware 19805.

16.     Defendant Arun Gajawada, upon information and belief, is a citizen of a foreign country.   Defendant is represented by Marie Ng, Esquire, of Papain, Block, McGrath & Cannavo, P.C., located at 120 Broadway, New York, New York 10271.

17.     Defendant Allan Ge, upon information and belief, is a citizen of a foreign country. Defendant is represented by James C. Napoli, Esquire, of Caesar & Napoli, located at 233 Broadway, Suite 2348, New York, New York, 10279.

18.     Defendant Mehmet Gurbuz, upon information and belief, is a citizen of a  foreign country.  Defendant is represented by Neil L. Weinstein, Esquire of the Law Office of Neil L. Weinstein, located at 32 Saco Avenue, P.O. Box 660, Old Orchard Beach, Maine 04064.

19.     Defendant Huan-Juan Guo, upon information and belief, is a citizen of a foreign country. Defendant is represented by James C. Napoli, Esquire, of Caesar & Napoli, located at 233 Broadway, Suite 2348, New York, New York, 10279.

20.     Defendant Huan-Zi Guo, upon information and belief, is a citizen of a foreign country.  Defendant is represented by James C. Napoli, Esquire, of Caesar & Napoli, located at 233 Broadway, Suite 2348, New York, New York, 10279.

21.     Defendant Agne Gurksnyte, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Neilli Mullen Walsh, Esquire of Young Conaway Stargatt & Taylor, LLP, located at Rodney Square, 1000 North King Street, Wilmington, Delaware 19801.

22.     Defendant Ihssene Kerchouch, upon information and belief, is a citizen of a foreign country. Defendant is represented by Benjamin C. Wetzel, Esquire of Wetzel & Associates, P.A., located at 2201 West 11th Street, Wilmington, Delaware 19805.

23.     Defendant Krishnaiah Lagisetty, upon information and belief, is a citizen of a foreign country.   Defendant is represented by Marie Ng, Esquire, of Papain, Block, McGrath & Cannavo, P.C., located at 120 Broadway, New York, New York 10271.

24.     Defendant Shilpa Lagisetty, upon information and belief, is a citizen of a foreign country.   Defendant is represented by Marie Ng, Esquire, of Papain, Block, McGrath & Cannavo, P.C., located at 120 Broadway, New York, New York 10271.

25.     Defendant Jane Macias, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Richard M. Bongiorno, Esquire of Bongiorno Law Firm, located at 250 Mineola Boulevard, Mineola, New York, 11501.

26.     Defendant Sergio Macias, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Richard M. Bongiorno, Esquire of Bongiorno Law Firm, located at 250 Mineola Boulevard, Mineola, New York, 11501.

27.     Defendant Elvia Ordonez Mantilla, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Richard M. Bongiorno, Esquire of Bongiorno Law Firm, located at 250 Mineola Boulevard, Mineola, New York, 11501.

28.     Defendant Gladys Ordonez Mantilla, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Richard M. Bongiorno, Esquire of Bongiorno Law Firm, located at 250 Mineola Boulevard, Mineola, New York, 11501.

29.     Defendant Amir Patel, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Brian M. Levy, Esquire, located at 358 Fifth Avenue, Suite 401, New York, New York, 10001.

30.     Defendant Nisar Y. Patel, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Brian M. Levy, Esquire, located at 358 Fifth Avenue, Suite 401, New York, New York, 10001.

31.     Defendant Shamin Patel, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Brian M. Levy, Esquire, located at 358 Fifth Avenue, Suite 401, New York, New York, 10001.

32.     Defendant Estate of Jyotsna Poojari, is represented by Mitchell J. Shore of Kolsby, Gordon, Robin, Shore & Bezar, located at 2000 Market Street, 28th Floor, Philadelphia, Pennsylvania 19103.

33.     Defendant Andreea Popescu, upon information and belief, is a citizen of a foreign country.   Defendant is represented by Jenna N. Fredrick, Esquire, of the Law Offices of Gregory R. Wright, located at 50 West Montello Street, P.O. Box 280, Montello, Wisconsin 53949.

34.     Defendant Aitha Prabhakar, upon information and belief, is a citizen of India. Defendant, upon information and belief, most recently resided at 10 Parkwood Drive, Apartment M, South Amboy, New Jersey 08879.

35.     Defendant Melis Seker, upon information and belief, is a citizen of a foreign country.  Defendant is represented by David J. Caputo, Esquire, of the Law Offices of Kline & Specter, located at 1525 Locust Street, 19th Floor, Philadelphia, Pennsylvania 19102.

6

36.     Defendant Samir Shaikh, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Brian M. Levy, Esquire, located at 358 Fifth Avenue, Suite 401, New York, New York, 10001.

37.     Defendant M.S.S., a minor, upon information and belief, is a citizen of a foreign country.  Defendant, by and through his parent and guardian Samir Shaikh, is represented by Brian M. Levy, Esquire, located at 358 Fifth Avenue, Suite 401, New York, New York, 10001.

38.     Defendant S.S., a minor, upon information and belief, is a citizen of a foreign country.  Defendant, by and through her parent and guardian Samir Shaikh, is represented by Brian M. Levy, Esquire, located at 358 Fifth Avenue, Suite 401, New York, New York, 10001.

39.     Defendant Shagufta Shaikh, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Brian M. Levy, Esquire, located at 358 Fifth Avenue, Suite 401, New York, New York, 10001.

40.     Defendant Marjis Simonoska, upon information and belief, is a citizen of a foreign country. Defendant is represented by Benjamin C. Wetzel, Esquire of Wetzel & Associates, P.A., located at 2201 West 11th Street, Wilmington, Delaware 19805.

41.     Defendant Cecilia Solorzano, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Richard M. Bongiorno, Esquire of Bongiorno Law Firm, located at 250 Mineola Boulevard, Mineola, New York, 11501.

42.     Defendant Dorisibeth Solorzano, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Richard M. Bongiorno, Esquire of Bongiorno Law Firm, located at 250 Mineola Boulevard, Mineola, New York, 11501.

43.     Defendant Aitha Sridevi, upon information and belief, is a citizen of a foreign country.  Defendant, upon information and belief, most recently resided at 10 Parkwood Drive, Apartment M, South Amboy, New Jersey 08879.

44.      Defendant Bharati Thakkar, upon information and belief, is a citizen of a foreign country.  Defendant, upon information and belief, currently resides at 719 Village Drive, Edison, New Jersey 08817.

45.     Defendant Alan T. Tiet, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Danny Soong, Esquire, of the Law Office of Danny Soong, located at 100 N. Barranca Avenue, Suite 700, West Covina, California 91791.

46.     Defendant Alan P. Tiet, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Danny Soong, Esquire, of the Law Office of Danny Soong, located at 100 N. Barranca Avenue, Suite 700, West Covina, California 91791.

47.     Defendant Connie P. Tiet, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Danny Soong, Esquire, of the Law Office of Danny Soong, located at 100 N. Barranca Avenue, Suite 700, West Covina, California 91791.

48.     Defendant Janice P. Tiet, upon information and belief, is a citizen of a foreign country.  Defendant is represented by Danny Soong, Esquire, of the Law Office of Danny Soong, located at 100 N. Barranca Avenue, Suite 700, West Covina, California 91791.

49.     Defendant Ana Topuzova, upon information and belief, is a citizen of a foreign country. Defendant is represented by Benjamin C. Wetzel, Esquire of Wetzel & Associates, P.A., located at 2201 West 11th Street, Wilmington, Delaware 19805.

50.     Defendant Padma Vaddey, upon information and belief, is a citizen of a foreign country. Defendant is represented by Rachel Nass, Esquire of Davis, Saperstein & Salomon, P.C., located at 39 Broadway Street, Suite 520, New York, New York 10006.

51.     Defendant Venkata Vaddey, upon information and belief, is a citizen of a foreign country. Defendant is represented by Rachel Nass, Esquire of Davis, Saperstein & Salomon, P.C., located at 39 Broadway Street, Suite 520, New York, New York 10006.

52.     Defendant Anne Warren, upon information and belief, is a citizen of a foreign country. Defendant is represented by Benjamin C. Wetzel, Esquire of Wetzel & Associates, P.A., located at 2201 West 11th Street, Wilmington, Delaware 19805.

53.     Defendant Kerry Whitaker, upon information and belief, is a citizen of a foreign country. Defendant is represented by Benjamin C. Wetzel, Esquire of Wetzel & Associates, P.A., located at 2201 West 11th Street, Wilmington, Delaware 19805.

54.     All of the above-named Defendants were passengers on a bus insured by Plaintiffs at all relevant times hereto.  These Defendants are herein after collectively referred to as "Passenger Claimants."

55.     Upon information and belief, Defendant Allstate Insurance Company ("Allstate") is an  insurance company licensed to do business in the State of Delaware.  Defendant Allstate may have provided benefits to one or more of the Passenger Claimants identified herein, and may seek recovery of those benefits from Plaintiffs. Defendant Allstate shall hereinafter be referred to as a "Lien Claimant."

56.     Upon information and belief, Defendant Standard Security Life Insurance Company of New York, located at P.O. Box 25339, Farmington, New York,14425, is domiciled in the State of New York and licensed to do business in the State of Delaware. Defendant Standard Security Life Insurance may have provided benefits to Defendant / Passenger Claimant Huan Guo, and may seek recovery of those benefits from Plaintiffs. Defendant Standard Security shall hereinafter be referred to as a "Lien Claimant."

## JURISDICTION AND VENUE

57.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335(a)  and 2361 as follows:

a.     The Passenger Claimants have adverse and competing claims in excess of $500.00 against the available assets of the Plaintiffs;

b.     The total amount in controversy exceeds $500.00;

c.     More than two of the Claimants are residents of different states and/or countries within the meaning of 28 U.S.C. § 1332 ; and

d.     With an appropriate order from this Court, Plaintiffs shall deposit into the registry of the Court the full and total amount of liability insurance proceeds available for claims by the Claimants and others, in the total amount of Five-Million-Dollars ($5,000,000.00).

58.     This Court has personal jurisdiction over each of the Defendants because the motor vehicle accident giving rise to this action occurred in New Castle County, Delaware.

59.     Venue in this Court is proper under 28 U.S.C. § 1391(b) as the event giving rise to the claims occurred in Delaware.  Venue is also appropriate pursuant to 28 U.S.C. § 1391(c) as many of the Defendants are not residents of the United States and therefore may be sued in any judicial district.

## FACTS

60.     On September 21, 2014, a tour bus owned by AM USA, and operated by its employee, Jinli Zhao, overturned while exiting the off-ramp to US Route 13 in New Castle County, Delaware (hereinafter referred to as "the Accident").

61.     As a result of the Accident, many of the Defendant / Passenger Claimants suffered personal and/or fatal injuries.

62.     Plaintiff NCIC had issued a commercial auto liability  insurance policy, Policy CNY0007223020  (hereinafter "NCIC Policy"), to AM USA with an effective date of March 4, 2014, and with a total limit of available liability coverage in the amount of One Million Dollars ($1,000,000.00).[1]  The tour bus owned by AM USA involved in the Accident, as well as its employee driver, Jinli Zhao, are covered under the NCIC policy. AM USA and Jinli Zhao may hereinafter be referred to as "Insureds."

63.     Plaintiff AXIS issued an excess policy of insurance, Policy ENU758866/01/2014 (hereinafter "AXIS policy"), to AM USA Express with an effective date of March 24, 2014, and with a total limit of available excess liability coverage in the amount of Four Million Dollars

---

[1] A copy of the NCIC Policy is attached hereto as Exhibit A.

($4,000,000.00).[2]  The tour bus owned by AM USA involved in the Accident, as well as its

employee driver, Jinli Zhao, are also covered under the AXIS policy.

64.     Plaintiff NCIC has received notice of legal representation on behalf of all but five

(5) of the Passenger Claimants, and either written to or spoken with the five non-represented

Passenger Claimants either directly or through their only known point of contact in the United

States.

65.     Plaintiffs are not aware of any other potential Passenger Claimants who may

assert or have potential claims arising from the Accident, nor are they aware of any other Lien

Claimants who may have provided those individual Passenger Claimants with benefits for which

they may seek recovery.

66.     Upon information and belief, no lawsuits or other legal proceedings have been

initiated to date against the Insureds or Plaintiffs for claims arising from the Accident.

67.     The NCIC Policy and the AXIS Policy identified herein are the only two available

liability coverage policies issued by the Plaintiffs for the Accident. The maximum amount of

coverage under the two policies for the Accident for all claims collectively is Five Million

Dollars ($5,000,000.00).

## COUNT I: STATUTORY INTERPLEADER

### 28 U.S.C. § 1335

68.     The allegations in paragraphs 1 through 67 are realleged as fully set forth herein.

69.     Based on the number of known claims and the severity of the injuries, including

---

[2] A copy of the AXIS Policy is attached hereto as Exhibit B.

three fatalities, Plaintiffs reasonably believe that these rival claims will exceed the proceeds available under the NCIC Policy and AXIS Policy.

70.     Plaintiffs anticipate additional rival and conflicting claims from the five other Passenger Claimants not currently represented by counsel, and reasonably believe all of the claims will exceed the proceeds available under both the NCIC Policy and the AXIS Policy.

71.     Without acknowledging or admitting liability by the Insureds, Plaintiffs are willing to surrender to the Court, on behalf of the Insureds, the NCIC Policy and AXIS Policy proceeds totaling Five Million Dollars ($5,000,000.00) in liability coverage. However, having been confronted with adverse and rival claims, Plaintiffs are unable to determine the fair and equitable allocation of the proceeds between the Passenger Claimants.

72.     Without resolution of the Passenger Claimants' claims through statutory interpleader, the Insureds may be exposed to inconsistent findings and judgments and the unnecessary and inefficient burden of costs, fees and expenses in defending multiple lawsuits because of the conflicting claims for the proceeds.

73.     Without resolution of the Passenger Claimants' claims through statutory interpleader, the Passenger Claimants and/or their Estates, as well as potential Lien Claimants, may be exposed to the inequitable, inconsistent, and unjust distribution of the proceeds.

74.     It is in the best interest of all Passenger Claimants that Plaintiffs tender the available proceeds from the NCIC Policy and AXIS Policy into the Court and allow the Passenger Claimants and/or their Estates to seek judicial determination of the allocation of these proceeds.

75.     Plaintiffs request that Plaintiffs and the Insureds be discharged from any and all liability to all Claimants for claims arising out of the Accident. Plaintiffs further requests that the Court determine and declare an allocation of the proceeds amongst the Passenger Claimants and/or their Estates, and to the extent any proceeds remain after all Passenger Claimants claims are resolved, between the Lien Claimants.

76.     Plaintiffs stand ready, willing and able to deposit the proceeds of the NCIC Policy and AXIS Policy with the Clerk of Court for deposit into the Court Registry upon an appropriate order from the Court and pending the Court's final judgment directing disposition of these funds.

## PRAYER FOR RELIEF

1.     That the Court authorizes and directs Plaintiffs to deposit the proceeds of both policies with the Clerk of Court for deposit into the Court Registry;

2.     That the Court enter an order pursuant to 28 U.S.C. § 2361 enjoining all potential Claimants and/or their Estates from instituting or prosecuting a proceeding in any State or United States Court that could affect the available proceeds and the Plaintiffs' ability to respond to claims arising from the Accident;

3.     That the Court determine a fair, equitable and just distribution of the proceeds from the two policies first amongst and between the Passenger Claimants and/or their Estates, and then as to any Lien Claimants should existing proceeds remain;

4.     That the Plaintiffs and the Insureds be released and discharged from all liability with respect to claims arising out of the Accident;

5.     An award of costs and fees as allowed under law; and

6.      For such other and further relief as the Court deems just and proper.


                                        Respectfully submitted,

                                        **KENT & MCBRIDE, P.C.**

                                By:    */s/ David C. Malatesta, Jr.*
                                        David C. Malatesta, Jr., Esquire
                                        Delaware Bar Id No.: 3755
                                        824 North Market St., Suite 805
                                        Wilmington, Delaware 19801
                                        Phone: (302) 777-5477
                                        Facsimile: (302) 777-7712
                                        Dmalatesta@kentmcbride.com
                                        Attorney for Plaintiffs

Dated: June 4, 2015


15