IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL CONTINENTAL INSURANCE COMPANY, and AXIS SURPLUS INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ARILYN ABDYMADIYEVA, SARA AGUILAR, GOK AHMET, SORINA ALBU, EDDIE BAMZE, ESTATE OF IDIL BASHI, REYHAM ERTEM as Mother of Decedent IDIL BASHI, ESIN BOZDAG, KRISTINA BRANDISAUSKAITE, MARIA CLIN, ESTATE OF HUA YU CHEN, KARIM FELLAH, ARUN GAJAWADAALLAN GE, MEHMET GURBUZ, HUAN-JUAN GUO, HUAN-ZI GUO, AGNE GURKSNYTE, IHSSENE KERCHOUCH, KRISHNAIAH LAGISETTY, SHILPA LAGISETTY, JANE MACIAS, SERGIO MACIAS, ELVIA ORDONEZ MANTILLA, GLADYS ORDONEZ MANTILLA, AMIR PATEL, NISAR Y. PATEL, SHAMIN PATEL, ESTATE OF JYOTSNA POOJARI, ANDREEA POPESCU, AITHA PRABHAKAR, MELIS SEKER, SAMIR SHAIKH, Individually and as Parent and Guardian of S.S., a minor, and M.S.S., a minor, SHAGUFTA SHAIKH, MARJIS SIMONOSKA, CECILIA SOLORZANO, DORISBETH SOLORZANO, AITHA SRIDEVI, BHARATI THAKKAR, ALAN T. TIET, ARIEL P. TIET, CONNIE P. TIET, JANICE P. TIET, ANA TOPUZOVA, PADMA VADDEY, VENKATA VADDEY, ANNE WARRANT, KERRY WHITAKER, ALLSTATE INSURANCE COMPANY, AND STANDARD SECURITY LIFE INSURANCE CO.,<br><br>Defendants. | C.A. NO.: 15-CV-00458 SLR<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR INTERPLEADER PETITION** |

01:17499487.1

## DEFENDANT AGNE GURKSNYTE'S ANSWER TO COMPLAINT FOR INTERPLEADER

Defendant Agne Gurksnyte ("Answering Defendant") hereby answers and asserts affirmative defenses to the Complaint for Interpleader (the "Complaint") filed by Plaintiffs National Continental Insurance Company and Axis Surplus Insurance Company ("Plaintiffs"). Except as expressly admitted herein, all allegations in the Complaint are denied, and Answering Defendant answers the allegations of the Complaint as follows:

1. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Admitted.

13. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. Admitted.

22. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54. Answering Defendant admits only that Defendants Kristina Brandisauskaite and Agne Gurksnyte were passengers on the bus insured by Plaintiffs at all relevant times hereto.

Answering Defendant lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in this paragraph.

55. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## JURISDICTION AND VENUE

57. (a) and (b)  As to subparagraphs (a) and (b) of this paragraph 57, Answering Defendant admits only that, Answering Defendant has a claim against the defendants in the underlying action in excess of $500.  Answering Defendant denies the remainder of subparagraphs (a) and (b) of this paragraph 57 on the basis of lack of knowledge and/or information sufficient to form a belief as to the claims of the other Passenger Claimants and/or on the basis the allegation(s) state(s) a legal conclusion to which no response is required.

(c) Answering Defendant admits the allegation in subparagraph (c) of this paragraph 57.

(d)  As to subparagraph (d) of this paragraph 57, Answering Defendant herein consents to having the full proceeds of plaintiff's insurance policies (whatever that may be) deposited into Court with the express understanding that the full amount of the insurance proceeds (*i.e.*, at least $5,000,000.00, if that is the limit of all policies and assets available) shall eventually be disbursed among all of the qualified Passenger Claimants.  In addition, it is respectfully requested that the insurance proceeds be held for the benefit of all qualified Passenger Claimants in an interest bearing account with the interest being held for the benefit of the defendants as well, until such time as the proceeds are to be distributed.

58. Admitted.

01:17499487.1

59. Admitted.

**FACTS**

60. Answering Defendant admits only that on September 21, 2014, a tour bus owned by AM USA overturned while exiting the off-ramp to US Route 13 in New Castle County, Delaware. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to the name of the driver.

61. Answering Defendant admits only that particular Defendants/Passengers, Kristina Brandisauskaite and Agne Gurksnyte, suffered personal injuries. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to whether the other Passenger Claimants suffered personal and/or fatal injuries.

62. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering Defendant hereby requests proof of insurance as well as proof that no other applicable insurance policies exist. Answering Defendant herein further requests a hearing, prior to the granting of this interpleader, to determine whether Plaintiffs have assets that could be applied above and beyond the limits of all applicable insurance policies.

63. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering Defendant hereby requests proof of insurance as well as proof that no other applicable insurance policies exist. Answering Defendant also hereby requests a hearing, prior to the granting of this interpleader, to determine whether or not Plaintiffs' have assets that could be applied above and beyond the limits of all applicable insurance policies.

64. Answering Defendant admits only that Plaintiffs are aware of the legal representation of Kristina Brandisauskaite and Agne Gurksnyte by the law offices of Young Conaway Stargatt & Taylor, LLP, located at 1000 North King Street, Wilmington, DE 19801. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

65. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

66. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

67. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering Defendant hereby requests proof of insurance as well as proof that no other applicable insurance policies exist. Answering Defendant hereby further requests a hearing, prior to the granting of the relief requested in the Complaint, to determine whether Plaintiffs have assets that could be applied above and beyond the limits of all applicable insurance policies.

## COUNT I: STATUTORY INTERPLEADER
## 28 U.S.C. § 1335

68. Answering Defendant repeats and re-alleges her answers to paragraphs 1-67 as if the same were fully set forth herein.

69. Answering Defendant admits upon information and belief that the total claims arising out of the accident exceed the sum of $5,000,000.00 and Answering Defendant herein consents to having the full proceeds of Plaintiffs' insurance policies (whatever that may be) deposited into Court with the express understanding that the full amount of the insurance proceeds (*i.e.*, at least $5,000,000.00, if that is the total limit of all policies and assets

available) shall eventually be disbursed among all of the qualified Passenger Claimants. In addition, it is respectfully requested that the insurance proceeds be held for the benefit of all qualified Passenger Claimants in an interest bearing account with the interest being held for the benefit of the qualified Passenger Claimants as well, until such time as the proceeds are to be distributed.

70. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering Defendant admits upon information and belief that the total claims arising out of the accident exceed the sum of $5,000,000.00.

71. Answering Defendant hereby consents to having the insurance proceeds deposited into Court in an interest bearing account with the interest being for the benefit of the qualified Passenger Claimants.

72. Answering Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Neilli M. Walsh*
Neilli Mullen Walsh, Esq. (Bar I.D. 2707)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6603
Facsimile: (302) 576-3343
E-mail: nwalsh@ycst.com
*Attorneys for Defendants Kristina Brandisauskaite and Agne Gurksnyte*

Dated: August 13, 2015

## **CERTIFICATE OF SERVICE**

I, Neilli M. Walsh, Esq., do hereby certify that on Thursday, August 13, 2015, I did cause Defendant Agne Gurksnyte's Answer to the Complaint for Interpleader to be e-filed and served on all counsel of record via CM/ECF.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Neilli M. Walsh*
Neilli Mullen Walsh, Esq. (Bar I.D. 2707)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6603
Facsimile: (302) 576-3343
E-mail: nwalsh@ycst.com
*Attorneys for Defendants Kristina Brandisauskaite and Agne Gurksnyte*

01:17499487.1