IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NATIONAL CONTINENTAL )
INSURANCE COMPANY, et al., )
 )
    Plaintiffs, )
 )
v. ) Civ. No. 15-458-SLR
 )
ARILYN ABDYMADIYEVA, et al., )
 )
    Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 18th day of August, 2015, having reviewed the papers submitted in response to my order dated June 18, 2015, wherein I questioned whether the District of Delaware was an appropriate venue for the above captioned interpleader litigation (D.I. 38, 41, 53);

IT IS ORDERED that the above captioned case is hereby transferred to the United States District Court for the Eastern District of New York, for the reasons that follow:

1. The above captioned statutory interpleader action has as its factual predicate a bus accident that happened in the State of Delaware. It is not disputed by plaintiffs that none of the passengers (the injured claimants) were (or currently are) residents of the State of Delaware. It appears from the papers that the majority of the injured claimants resided and/or reside in the New York/New Jersey area (see D.I. 53, ex. 1), or are citizens of foreign countries (see D.I. 33, ex. 2). Indeed, several of the injured

claimants have already brought suit, or are contemplating bringing suit, in the State of New York. (D.I. 41, ex. 1; D.I. 53)

2. The only claimants who do arguably reside in the District of Delaware, by reason of their being registered to do business in the State of Delaware, are the two named insurance companies (the "lien claimants")[1] that "may have provided benefits" to one or more of the passenger claimants and "may seek recovery of those benefits" from plaintiffs. (D.I. 1, ¶¶ 55, 56) The papers reveal, however, that the correspondence regarding the Allstate claim originated from an office in Hauppauge, New York, and that (not surprisingly) Standard Security Life Insurance Company of New York has many ties to the State of New York. (*See* D.I. 41, exs. 2, 3)

3. Pursuant to 28 U.S.C. § 1397, "[a]ny civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." I have weighed the resources of the injured claimants with those of the plaintiffs and of the lien claimants, and I have considered the ties to the State of Delaware (which are tenuous at best), all in the context of the underlying accident. While I recognize that the statutory requirements may be satisfied based on where the lien claimants reside, I conclude that the more appropriate venue, in terms of the interests of justice and of judicial economy, is that of the Eastern District of New York, which encompasses the County of Queens where the

---

[1]Allstate Insurance Company and Standard Security Life Insurance Company of New York.

2

current state court litigation is pending.

                                                    _____
                                                    United States District Judge