IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NATIONAL CONTINENTAL INSURANCE COMPANY, )
and AXIS SURPLUS INSURANCE COMPANY, )
)
        Plaintiffs, ) Docket No. 2:15-cv-05157
)      (DRH) (GRB)
)
)
v. )
)
ARILYN ABDYMADIYEVA, SARA AGUILAR, GOK )
AHMET, SORINA ALBU, EDDIE BAMZE, Estate of IDIL )
BASHI, REYHAM ERTEM as Mother of Decedent IDIL )
BASHI, ESIN BOZDAG, KRISTINA BRANDISAUSKAITE, )
MARIA CALIN, Estate of HUA YU CHEN, KARIM FELLAH, )
ARUN GAJAWADAALLAN GE, MEHMET GURBUZ, )
HUAN-JUAN GUO, HUAN-ZI GUO, AGNE GURKSNYTE, )
IHSSENE KERCHOUCH, KRISHNAIAH LAGISETTY, )
SHILPA LAGISETTY, JANE MACIAS, SERGIO MACIAS, )
ELVIA ORDONEZ MANTILLA, GLADYS ORDONEZ )
MANTILLA, AMIR PATEL, NISAR Y. PATEL, SHAMIN )
PATEL, Estate of JYOTSNA POOJARI, ANDREEA )
POPESCU, AITHA PRABHAKAR, MELIS SEKER, )
SAMIR SHAIKH, Individually and as Parent and Guardian )
of S.S, a minor, and M.S.S a minor, SHAGUFTA SHAIKH, )
MARJIS SIMONOSKA, CECILIA SOLORZANO, )
DORISIBETH SOLORZANO, AITHA SRIDEVI, BHARATI )
THAKKAR, ALAN T. TIET, ARIEL P. TIET, CONNIE P. )
TIET, JANICE P. TIET, ANA TOPUZOVA, PADMA )
VADDEY, VENKATA VADDEY, ANNE WARREN, KERRY )
WHITAKER, ALLSTATE INSURANCE COMPANY, and )
STANDARD SECURITY LIFE INSURANCE CO., )

        Defendants.

Defendant Melis Seker, by her attorney, Jordan Merson, as and for their Answer, allege as follows, upon information and belief:

### **PARTIES**

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "3" of the Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "30" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "32" of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Complaint.

35. Defendant admits the allegations in Paragraph "35" and amends that defendant Melis Seker is also represented by Jordan Merson, Esq., of Merson Law, PLLC, located at 150 East 58th Street, 34th Floor, New York, New York, 10155.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "40" of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of the Complaint.

45. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "45" of the Complaint.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "46" of the Complaint.

47. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "47" of the Complaint.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "48" of the Complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "49" of the Complaint.

50. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "50" of the Complaint.

51. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "51" of the Complaint.

52. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "52" of the Complaint.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "53" of the Complaint.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "54" of the Complaint, but admit that defendant Melis Seker was a passenger on the bus at issue.

55. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "55" of the Complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "56" of the Complaint.

## JURISDICTION AND VENUE

57. Defendant denies knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "57" of the Complaint and refers the legal adjudications and/or conclusions to this Honorable Court except admits that the total amount in controversy is in excess of $500.00 and that defendant agrees to have the full proceeds of plaintiffs' insurance policies deposited into the Court, in an interest-bearing account, with the express understanding that the full amount of these proceeds, including any and all interest will be distributed to the qualified passenger claimants.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "58" of the Complaint and refers all questions of law to this Honorable Court.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "59" of the Complaint and refers all questions of law to this Honorable Court.

## FACTS

60. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "60" of the Complaint except admits that on September 21, 2014, a tour bus owned by AM USA, overturned while exiting the off-ramp to US Route 13 in New Castle County, Delaware.

61. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "61" of the Complaint except admits that defendant Melis Seker sustained severe personal injuries on September 21, 2014, as a result of this incident.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "62" of the Complaint, but respectfully requests that plaintiffs provide proof of insurance as well as proof that no other applicable insurance policies exist. In addition, defendant respectfully requests sworn-to proof that AM-USA and its agents, servants and/or employees do not have any additional assets that could be applied above and beyond the limits of all applicable insurance policies.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "63" of the Complaint, but respectfully requests that plaintiffs provide proof of insurance as well as proof that no other applicable insurance policies exist. In addition, defendant respectfully requests sworn-to proof that AM-USA and its agents, servants and/or employees do not have any additional assets that could be applied above and beyond the limits of all applicable insurance policies.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "64" of the Complaint, except admits that plaintiffs are aware of the legal representation of defendant Melis Seker.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "65" of the Complaint.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of the Complaint.

67. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "67" of the Complaint, but respectfully requests that plaintiffs provide proof of insurance as well as proof that no other applicable insurance policies exist. In addition, defendant respectfully requests sworn-to proof that AM-USA and its agents,

servants and/or employees do not have any additional assets that could be applied above and beyond the limits of all applicable insurance policies.

### COUNT I: STATUTORY INTERPLEADER, 28 U.S.C. § 1335

68. Answering defendant repeats and re-alleges her answers to paragraphs 1-67 as if the same were fully set forth herein.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "69" of the Complaint, except admits that upon information and belief, that the total claims will exceed the sum of $5,000,000.00.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "70" of the Complaint, except admits that upon information and belief, that the total claims will exceed the sum of $5,000,000.00.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "71" of the Complaint, except consents to having $5 million in insurance proceeds placed into an interest-bearing account with the total sum thereby being for the benefit of the qualified passenger claimants, including defendant Melis Seker.

72. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "72" of the Complaint.

73. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "73" of the Complaint.

74. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "74" of the Complaint.

75. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "75" of the Complaint.

76. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "76" of the Complaint.

## PRAYER FOR RELIEF

1. Answering defendant consents to the Court authorizing and directing plaintiffs to deposit the proceeds of both policies into Court in an interest-bearing account with interest being for the benefit of all qualified passenger claimants.

2. Answering defendant requests that the relief requested in paragraph 2 in the prayer for relief be denied.

3. Answering defendant requests that the relief requested in paragraph 3 for the prayer for relief be denied and instead that a conference be scheduled amongst all qualified Passenger Claimants for the purpose of determining the manner and method of distributing the insurance proceeds.

4. Answering defendant requests that the relief requested in paragraph 4 for the prayer for relief be denied.

5. Answering defendant requests that the relief requested in paragraph 5 of the prayer for relief be denied, as no costs or fees should be awarded to plaintiffs.

6. Answering defendant requests that the relief requested in paragraph 6 of the prayer for relief be denied, as plaintiffs are not entitled to other and/or further relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Any judgment directing the deposit of Plaintiffs' insurance proceeds and discharge of Plaintiffs should be conditioned upon a sworn-to showing that no other and further insurance covering Plaintiffs' insureds with respect to this occurrence exists.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any judgment directing the deposit of Plaintiffs' insurance proceeds and discharge of Plaintiffs should not include a release of Plaintiffs' insureds in excess of the insurance proceeds sought to be deposited.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any judgment directing the deposit of Plaintiffs' insurance proceeds and discharge of Plaintiffs should be conditioned upon a sworn-to showing that no Plaintiffs' insureds do not have any additional assets that could be applied above and beyond the limits of all applicable insurance policies.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Answering defendant expressly reserves her rights to assert any non-waivable defenses during the pendency of this interpleader action.

WHEREFORE, defendant Melis Seker demand judgment: (1) directing the deposit of Plaintiffs' insurance proceeds into an interest-bearing account under the custody and control of the Clerk of the Court; (2) releasing Plaintiffs from liability as to the deposited funds upon the appropriate findings and terms as asserted herein, (3) determining the respective claims to the deposited funds, and (4) awarding attorneys' and fees costs of suit, together with any and further relief that this Court deems just and equitable.

Dated:  New York, New York
       February 12, 2016

MERSON LAW, PLLC

By:  Jordan Merson, Esq. (JM 7939)
Attorneys for defendant Melis Seker
150 East 58th Street, 34th Floor
New York, New York 10150
(212) 603-9100
(347) 441-1471 (fax)
jmerson@mersonlaw.com

To: All Counsel of Record (via ECF)

## Certificate of Service

I, Jordan Merson, hereby certify that on this date, a true and complete copy of the foregoing Appearance of Counsel was electronically filed with the Clerk of the Court using CM/ECF, which will notify the registered attorneys of record that the document has been filed.

Dated: February 12, 2016

*/s/ Jordan Merson*
Jordan Merson